IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ethan Peloe, | : | |
| | : | Case No. 1:14-cv-404 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting in Part and Denying in |
| University of Cincinnati, *et al.* | : | Part Motion to Strike Plaintiff's Proposed |
| | : | Second Amended Complaint |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Proposed Second Amended Complaint (Doc. 26). Defendants University of Cincinnati and Daniel Cummins request the Court to strike Plaintiff's proposed Second Amended Complaint ("proposed SAC") (Doc. 16-1) from the record and require it to be re-filed under seal. For the reasons that follow, the Court will **GRANT IN PART AND DENY IN PART** the motion.[1]

**I.**

Defendants assert that the proposed SAC should be stricken and placed under seal pursuant to the requirements of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and the Protective Order (Doc. 20) issued in this case. FERPA prohibits public funding of an educational institution which "has a policy or practice of permitting the release of a student's education records (or personally identifiable information contained therein . . . )" without written consent. 20 U.S.C. § 1232g(b)(1). The Sixth Circuit has stated that "FERPA imposes a binding obligation on schools that accept federal funds." *U.S. v. Miami Univ.*, 294

---

[1] Separately, Defendants assert that the Court should not permit Plaintiff Ethan Peloe to file another amended complaint in this action. That issue will be addressed by the Court at a later time in a separate opinion. This Order addresses only whether the proposed SAC should be placed under seal.

F.3d 797, 809 n. 11 (6th Cir. 2002).[2] Department of Education regulations provide that "personally identifiable information" includes "information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3. Additionally, the Protective Order at paragraph 5 provides that "[m]aterials designated as protected . . . shall only be filed or *described in a filing* in this Court if that filing is made under seal." (Doc. 20 at PageID 426 (emphasis added).) Documents containing personally identifiable information are designated as protected pursuant to paragraph 2 of the Protective Order. (*Id.*)

The proposed SAC contains personally identifiable information concerning A.R. and A.B., including their initials, the name of their housing facility, and their activities on a particular night. (*See e.g.*, Doc. 16-1 at PageID 368, 371.) This information alone or in combination might allow a reasonable person in the University of Cincinnati community to identify A.R. and A.B. with reasonable certainty. The proposed SAC also contains allegations referencing and describing information contained in education records protected by FERPA. (*See e.g.*, *Id.* at PageID 374, 376–77.) Therefore, pursuant to the Protective Order, that information should not be described in the proposed SAC in a way that would violate FERPA.

Defendants move the Court to strike the proposed SAC and require Plaintiff to re-file the proposed pleading under seal. Instead, the Court will direct the Clerk of Court to place the proposed SAC under seal without Plaintiff having to re-file the pleading.

Placing the proposed SAC under seal, however, is not an adequate permanent solution.

---

[2] FERPA does not recreate rights enforceable by individuals pursuant to 42 U.S.C. § 1983. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002).

The "'long-established legal tradition'" of our federal courts "values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes a court to place records under seal only "for good cause." Further, FERPA does not prevent universities from releasing properly redacted records. *Miami Univ.*, 294 F.3d at 824; *Doe v. Ohio*, No. 2:91-cv-0464, 2013 WL 2145594, at *6 (S.D. Ohio May 15, 2013). Many, if not most, of the allegations in the proposed SAC do not qualify for protection under FERPA. Those allegations should be publicly filed because there is not good cause to place them under seal.

Accordingly, the Court orders Defendants to provide Plaintiff with a redacted version of the proposed SAC within one week of the date of this Order. Plaintiff then has one week to review the redacted version and suggest changes to Defendants. Within two weeks of the date of this Order, the parties shall submit to the Court at dlott_chambers@ohsd.uscourts.gov either (1) a jointly-redacted version of the proposed SAC which can be publicly filed or (2) competing redacted versions of the proposed SAC, one of which the Court will publicly file.

**II.**

For the foregoing reasons, the Defendants' Motion to Strike Plaintiff's Proposed Second Amended Complaint (Doc. 26) is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is **ORDERED** to seal the proposed Second Amended Complaint (Doc. 16-1). The parties are **ORDERED** to submit a redacted version or versions of the proposed Second Amended Complaint to the Court within two weeks of the date of this Order as set forth above.

IT IS SO ORDERED.

                                            S/Susan J. Dlott_____
                                            Chief Judge Susan J. Dlott
                                            United States District Court