UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ETHAN PELOE, | : | Case No. 1:14-cv-00404 |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| v. | : | |
| UNIVERSITY OF CINCINNATI, et al., | : | **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS** |
| Defendants. | : | |
| | : | |

## I.  INTRODUCTION

Defendants University of Cincinnati ("UC") and Daniel Cummins ("Cummins") (collectively "Defendants") hereby submit this Response in Opposition to Plaintiff's Motion for Leave to File Supplemental Memorandum in Opposition to Motion to Dismiss. (Doc. 46)  First, consideration of the material Plaintiff attempts to submit to this Court through his Motion for Leave to File Supplemental Memorandum in Opposition to Motion to dismiss would be procedurally improper as Defendants have submitted a motion to dismiss under Rule 12(b)(6).  Matters outside the pleadings are not to be considered by a Court when ruling on a Rule 12(b)(6) motion to dismiss.

Additionally, under Local Rule 7.2(a)(2), parties are limited to filing a motion, an opposing memorandum, and a reply memorandum, only.  No additional memoranda are permitted in this district "except upon leave of court for good cause shown." *Id*. Because Plaintiff has failed to show "good cause" under Local Rule 7.2, this Court should deny his motion for leave to file a supplemental memorandum.  As have each of the other arguments Plaintiff has put forth regarding his attempt to wriggle out of his lack of ripeness, Plaintiff's argument in his proposed supplemental memorandum misses the

mark. The additional information that Plaintiff attempts to put forward does not change the fact that he has not presented a ripe claim to this Court. There is no "good cause" to allow Plaintiff to file a supplemental memorandum.

Lastly, Plaintiff's attempted reliance on allegations from two other individuals' lawsuits against Defendants should be rejected pursuant to Fed. R. Evid. 403. In fact, the only pertinent fact from the two other individuals' lawsuits — that one individual successfully appealed UC's initial finding of responsibility — would militate against any futility assertion.

## II. ARGUMENT

### A. It Would Be Procedurally Improper for this Court to Consider the Materials which are the Subject of Plaintiff's Motion.

"For purposes of determining Defendant's motion to dismiss, the Court may not consider the factual allegations contained in Plaintiff's response." *Israel v. Nw. Airlines*, No. 2:10-CV-02294, 2010 WL 5156657, at *3 n.2 (W.D. Tenn. Dec. 14, 2010) "The Sixth Circuit follows the general rule that '[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss.'" *Id.* (quoting *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 98 (6th Cir. 1997)).

Courts within this Circuit have consistently refused to consider materials submitted by a plaintiff in a response in opposition to a defendant's Rule 12(b)(6) motion to dismiss. *See DeSoto v. Bd. of Parks & Recreation*, No. 3:14-CV-0822, 2014 WL 6680681, at *6 (M.D. Tenn. Nov. 25, 2014) ("In violation of basic Rule 12 practice, DeSoto's counsel references and relies upon these extra materials [(transcripts from hearings, interviews, depositions, and affidavits)] in an effort to defeat the pending motions."); *Smith v. Winkle*, No. 2:13-CV-784, 2014 WL 1796063, at *1 n.1 (S.D. Ohio

2

14616845.1

May 6, 2014) (refusing to consider the plaintiff's additional factual allegations raised in his opposition to the defendant's motion to dismiss because "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss"); *Lewis v. Nationstar Mortgage*, No. CIV.A. 13-11693, 2013 WL 8107207, at *1 n.1 (E.D. Mich. Aug. 16, 2013) *report and recommendation adopted*, No. 13-11693, 2014 WL 1089557 (E.D. Mich. Mar. 18, 2014) (["T]his Magistrate Judge does not consider facts solely referenced in Plaintiff's responsive pleading, because they are outside the bounds of his Complaint.") (citation omitted); *Boone v. Patel*, No. 3:10-CV-566, 2011 WL 4443616, at *2 (E.D. Tenn. Sept. 23, 2011) ("[T]he response is outside the pleadings and the facts stated therein should not be considered when ruling on the Rule 12(b)(6) motion."); *Ypsilanti Cmty. Utilities Auth. v. MeadWestvaco Air Sys., LLC*, No. 07-CV-15280, 2008 WL 2610273, at *2 (E.D. Mich. June 30, 2008) ("[T]he Court declines to consider Plaintiffs' supplemental affidavit, attached to its response to the motion to dismiss, for the reason that the submitted affidavit is a 'matter outside the pleadings' for the purposes of the Defendant MWC's Rule 12(b)(6) motion.").

In fact, even a cursory review of the Plaintiff's most recent motion and the materials he attaches shows why it would be improper for the Court to allow Plaintiff's motion for leave. The "training materials" that Plaintiff attaches to his motion are unauthenticated and submitted with no context other than pure speculation from Plaintiff's counsel. The additional items that Plaintiff attaches are distorted documents from completely different litigation involving those individuals' request for a temporary restraining order that was ultimately denied. In this case, because Defendants submitted a meritorious Rule 12(b)(6) motion to dismiss early in this litigation, the limited amount of discovery allowed by this Court has been one-sided in favor of

3

Plaintiff. Plaintiff should not be permitted to submit unauthenticated and distorted documents from completely different litigation in response to Defendants' Rule 12(b)(6) motion to dismiss.

Plaintiff's motion for leave should be denied as it would be improper for this Court to consider the documents he attaches in response to Defendants' Rule 12(b)(6) motion to dismiss.

> **B. There is No "Good Cause" to Allow Plaintiff's Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss as Plaintiff Cannot Overcome His Lack of Ripeness.**

As he has in other pleadings, Plaintiff misconstrues Defendants' arguments as a failure-to-exhaust argument. As pointed out by Defendants, that is not their argument. *See* Doc. 19 at 9 ("UC is not arguing that Peloe must exhaust administrative remedies before using § 1983 to press his due process claim. Instead, it argues that Peloe has no due process claim to press.") Whether "remedies must be exhausted is conceptually distinct . . . from the question whether an administrative action must be final before it is judicially reviewable." *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 192 (1985). On this issue, the Supreme Court stated:

> While the policies underlying the two concepts often overlap, the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.

*Id*. at 193. To date, there has been no decision finding that Plaintiff violated UC's Student Code of Conduct nor has there been any discipline issued to Plaintiff. Plaintiff

4

14616845.1

has not been deprived of any protected property or liberty interest as required to maintain a due process claim.

In his proposed supplemental memorandum, Plaintiff attempts to put forth additional "evidence" relating to two other individuals to support his assertion that it would be futile for him to exhaust the administrative processes offered by UC. In addition to the fact that Defendants are not making a failure-to-exhaust argument, Plaintiff's purported "evidence" also highlights the fact that Plaintiff's claims are not ripe. In his proposed supplemental memorandum, Plaintiff puts forth "evidence" relating to two other individuals and asserts that it "illustrates that an appeal through the University of Cincinnati system would be futile . . . ." (Doc. 46-1 at 1)

"Ripeness is a justiciability doctrine designed to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Kentucky Press Ass'n, Inc. v. Kentucky,* 454 F.3d 505, 509 (6th Cir. 2006). The "basic rationale [of ripeness] is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agr. Products Co.,* 473 U.S. 568, 580 (1985) (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148 (1967)). Ripeness has not been obtained where the plaintiff's claim relies on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* at 580-81; *see also Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997) ("Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all.").

The fact that Plaintiff is attempting to use allegations relating to other individuals to show what **<u>might</u>** happen with his disciplinary proceeding emphasizes the fact that

5

his claim relies on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id*.

Two cases that include factual situations strikingly akin to Plaintiff's situation are seen in *Morreim v. Univ. of Tennessee*, No. 12-2891-STA-DKV, 2013 WL 5673619 (W.D. Tenn. Oct. 17, 2013) and *Hardman v. Johnson Cnty. Cmty. Coll.*, No. 13-2535-JTM, 2014 WL 1400668 (D. Kan. Apr. 10, 2014).

In *Morreim*, the Court held that the "constitutional claims based on the **possible** termination of [the plaintiff's] tenure are not yet ripe." *Id*. at * 12 (emphasis added). The Court further found that "[s]uch claims are not well-suited for judicial review because Plaintiff continues to hold her tenured position." *Id*. Similar to the plaintiff in *Morreim*, Plaintiff's constitutional due process claims are based on the **possibility** that UC will find that he violated the Student Code of Conduct and the **possibility** that UC will dismiss him from school. This claim is not well-suited for judicial review because Plaintiff continues to hold his position as a student at UC.

In *Hardman*, the defendant college instituted disciplinary proceedings against the plaintiff student because of certain threatening conduct from the plaintiff student. 2014 WL 1400668 at *1. "[T]he plaintiff short-circuited [the hearing] process by appearing with her putative counsel . . ., and attempting to then conduct an adversarial hearing." *Id*. at *3. The plaintiff "then instituted the present action prior to any written decision by Ms. Centrilivre [— the individual tasked with hearing an appeal]." *Id*. The Court dismissed the plaintiff student's claim, in part, because "[a] party cannot create a due process claim by ignoring established procedures." *Id*. (quoting *Santana v. City of Tulsa,* 359 F.3d 1241, 1244 (10th Cir. 2004)). Here, Plaintiff instituted the present action prior to any written decision by UC whatsoever. Not only has Plaintiff's

6

disciplinary proceeding not been able to proceed through the appellate review, there has not even been an initial finding that Plaintiff violated UC's Student Code of Conduct nor has there been any discipline issued to Plaintiff.  Plaintiff should not be allowed to proceed with a due process claim by ignoring the established procedures.

Because nothing Plaintiff offers in his proposed supplemental memorandum can overcome the fact that his claims are not ripe, there is no "good cause" to allow Plaintiff leave to file a supplemental memorandum in opposition to Defendants" motion to dismiss.

    **C.    Plaintiff's Motion for Leave to File a Supplemental Memorandum in Opposition to Defendants" Motion to Dismiss Should Also Be Rejected as it is Premised on Impermissible "Me Too" Evidence.**

Plaintiff's entire basis for filing a motion for leave to file a supplemental memorandum in opposition to Defendants' motion to dismiss is an attempt to use allegations from two other individuals as "me too" evidence in this litigation.  While "me too" evidence is most often seen in the context of discrimination allegations, the prohibition on such "evidence" should carry the same weight in this context.

"'[M]e too' evidence is typically inadmissible under Rule 403 of the Federal Rules of Evidence because it prejudices the defendant by embellishing plaintiff's own evidence of alleged discrimination and typically confusing the issue of whether the plaintiff, and not others, was discriminated against." *Brabson v. Ohio*, No. 1:11-CV-399, 2012 WL 5471832, at *5 (S.D. Ohio Nov. 9, 2012) (citation omitted).  "Although there is no *per se* rule excluding 'me too' or 'other acts' testimony from non-parties, whether such evidence is relevant is a case-by-case determination and 'depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory

7

14616845.1

of the case.'" *Id.* (quoting *Sprint/United Mgmt. Co. v. Mendelsohn,* 552 U.S. 379, 380–81, 388 (2008)).

The *Hardman* case discussed above is also instructive on the irrelevance of the "me too" evidence offered by Plaintiff. In *Hardman*, the plaintiff student attempted to rely on a prior due process challenge by other students to support her allegations. 2014 WL 1400668 at *4. Rejecting the plaintiff student's argument, the Court stated that the prior lawsuit by other students "has no application here, as that case involved a different plaintiff asserting different factual claims against [the defendant college], and claims of due process deprivation are inherently fact-intensive." *Id.*

While Plaintiff offers absolutely no context as to the factual situations underlying the other individuals' lawsuit, the attached transcript (while largely irrelevant to this case) establishes that the factual situations in that lawsuit are entirely different than those present in this case. Because "claims of due process deprivation are inherently fact-intensive," the "me too" allegations that Plaintiff is attempting to offer through his proposed supplemental memorandum should be rejected under Fed. R. Evid. 403.

Ironically, the one similarity between the two cases — the fact that a party to the disciplinary process walked out of a hearing — emphasizes the fact that Plaintiff's claims should be dismissed. (*See* Doc. 9 at 4, 8-10) Additionally, the most pertinent fact regarding the "Doe II" litigation is that he successfully appealed the initial decision finding him responsible for violating the UC Student Code of Conduct. If anything, this shows that UC's disciplinary process is not futile as it is willing to remand a disciplinary hearing if it finds errors upon an appellate review.

8

### III.  CONCLUSION

For each and all of the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion for leave to file a supplemental memorandum in opposition to Defendants' motion to dismiss.

Respectfully submitted,

MICHAEL DEWINE
Attorney General of Ohio

By: /s/ Doreen Canton
Doreen Canton (0040394)
Evan T. Priestle (0089889)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
Tel:  (513) 381-2838
Fax:  (513) 381-0205
canton@taftlaw.com
epriestle@taftlaw.com

Attorneys for Defendants
University of Cincinnati and
Daniel Cummins

9

14616845.1

CERTIFICATE OF SERVICE

      I certify that on December 31, 2014, I caused the Response in Opposition to Plaintiff's Motion for Leave to File Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss to be filed using the Court's CM/ECF system, which will send notification of the filing to all registered parties.

                      /s/ Doreen Canton

14616845.1